UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHARLES STERGIOS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 07-145-P-S |
| | ) |
| SAM ZAMBELOS, | ) |
| | ) |
| Defendants | ) |

ORDER GRANTING LEAVE TO PROCEED
*IN FORMA PAUPERIS*

Plaintiff, an inmate at the Federal Correctional Institute, Allenwood, PA, seeks leave to proceed *in forma pauperis*. The Application to proceed *in forma pauperis* has been completed and is accompanied by a Certificate signed by an authorized individual from the Institution. The Certificate evidences that the applicant has $235.78 in his account as of August 25, 2007; that over the last six months the average deposits have been $999.87 and the average monthly balance has been $269.25.

The application is GRANTED, however, pursuant to 28 U.S.C. section 1915(b)(1), Plaintiff is required to pay the entire filing fee in this matter as funds become available. An initial partial filing fee is hereby ASSESSED in the amount of $200.00. In the event Plaintiff elects to proceed with this matter and so notifies the Court, the initial partial filing fee shall be forwarded by the institution in accordance with this Order. Subsequent payments **of twenty percent (20%) of Plaintiff's prior monthly income** shall be forwarded directly **by the institution** each time the amount in the inmate's account exceeds $10.00 until such time as the entire filing fee of $350.00 has been paid. Plaintiff is advised that, in the event he is released

from incarceration prior to the filing fee of $350.00 being paid in full, he is still required to pay the entire filing fee, absent further order of the court relieving him of the obligation.

In addition, Plaintiff is hereby on notice that the Court may dismiss this action if it:

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).  If the Court does dismiss the action under this section, Plaintiff will still be required to pay the filing fee in full.

Further, Plaintiff is hereby on notice that a prisoner with three in forma pauperis actions dismissed under section 1915(e) may not thereafter, absent "imminent danger of serious physical injury," file a new action without prepayment of the entire filing fee.  28 U.S.C. § 1915(g).

Before deciding whether to incur the cost of this action Stergios should bear in mind that, as currently pled, The District of Maine does not seem to have jurisdiction over the defendant. Stergios names Sam Zambelos as his lone defendant in his suit for negligence.  Stergios is incarcerated in Pennsylvania and he lists Zambelos as residing in Tennessee.   Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005) ("The due process clause imposes several requirements on the exercise of personal jurisdiction over out-of-state defendants. First, the defendant must have sufficient 'minimum contacts' with the state. For specific jurisdiction, the plaintiff's claim must be related to the defendant's contacts. For general jurisdiction, in which the cause of action may be unrelated to the defendant's contacts, the defendant must have continuous and systematic contacts with the state.  Second, for either type of jurisdiction, the defendant's contacts with the state must be purposeful. And third, the exercise of jurisdiction must be reasonable under the circumstances.").  If Stergios elects to proceed and the court ultimately recommends dismissing this action for want of personal jurisdiction he will still be responsible

for the full amount of the filing fee.

Now therefore, Plaintiff shall notify the Court no later than September 28, 2007, whether he intends to incur the cost of the filing fee and proceed with this action, or whether he intends to forego this litigation at this time.  If Plaintiff elects to proceed, he shall clearly indicate in writing that he understands his obligation to pay the full $350 filing fee as funds are available, and he shall forward the initial partial filing fee of $200.00 to the Court together with that written notification to indicate that he nevertheless wishes to proceed with the action. Failure to fully comply with this Order will result in the issuance of a recommendation to dismiss the Complaint.  A copy of this Order shall be forwarded to the Business Office of FCI, Allenwood, PA, *following* Plaintiff's **indication to the Court that he intends to go forward with this matter and incur the $350.00 cost of suit.**

SO ORDERED.

August 30, 2007                                                  /s/ Margaret J. Kravchuk
                                                                          U.S. Magistrate Judge